UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STARR INDEMNITY & LIABILITY CO., as Subrogee of Debevoise & Plimpton, LLP and JRM Construction Management, LLC,<br><br>                      Plaintiff,<br><br>                    -against-<br><br>TURNER CONSTRUCTION CO.,<br><br>                      Defendant. | 1:25-cv-02256 (JLR)<br><br>**ORDER OF DISMISSAL** |

JENNIFER L. ROCHON, United States District Judge:

      "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

      In the present case, jurisdiction is premised on diversity of citizenship, pursuant to Title 28, United States Code, Section 1332. Section 1332, however, requires "complete" diversity of citizenship, and it is well established that diversity "is not complete if *any* plaintiff is a citizen of the same state as *any* defendant." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (emphasis added).

      A review of the complaint in this action reveals that such is the case here, as Starr Indemnity & Liability Co. and Defendant Turner Construction Co. are both citizens of New York State. Dkt. 1 ("Compl."). Plaintiffs allege that Starr Indemnity & Liability Co. is a Texas corporation with its principal place of business in New York, Compl. ¶ 1, and that Turner Construction Co. is a New York corporation with its principal place of business in New York, Compl. ¶ 2. The Court therefore lacks subject matter jurisdiction over this action. *See, e.g., Berkshire II Real Est. Holdings LLC v. Centro Hispano Daniel Torres, Inc.*, No. 12-cv-03936 (JGK), 2012 WL 2152827, at *2 (S.D.N.Y. June 13, 2012) ("A corporation has the citizenship of both its place of incorporation and its principal place of business for the purposes of diversity jurisdiction.").

Accordingly, the complaint is hereby DISMISSED without prejudice for lack of subject matter jurisdiction. Any pending motions are moot and any conferences are canceled. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: March 21, 2025
New York, New York

JENNIFER L. ROCHON
United States District Judge